JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-CV-02033-RGK<br>1:17-bk-015182- GM | Date | August 25, 2017 |
|---|---|---|---|
| Title | ***Shoemaker v. Siegel*** | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Appellant: | | Attorneys Present for Appellees: |
| Not Present | | Not Present |

**Proceedings:** **(IN CHAMBERS)** Order Re: Appeal of Adversary Proceeding in Bankruptcy

## I.    INTRODUCTION

On March 14, 2017, Mark Alan Shoemaker ("Shoemaker") appealed to this Court two bankruptcy court's orders to dismiss his adversary proceeding. Shoemaker had instituted the proceeding against Alfred H. Siegel ("Siegel"), Anthony Friedman ("Friedman"), Levene, Neale, Bender, Yoo & Brill L.L.P. ("LNBYB"), and Bret D. Lewis ("Lewis," and collectively "Defendants").

For the reasons below, the Court **AFFIRMS** the dismissal.

## II.   FACTUAL BACKGROUND

In May 2010, Shoemaker filed a voluntary Chapter-7 petition. Siegel was appointed as the Chapter-7 trustee. Friedman, an attorney with LNBYB, represented Siegel in the bankruptcy proceeding.

On January 5, 2011, Shoemaker filed an amended summary of schedules in the proceeding. The schedules show assets allegedly worth about seven-hundred-thousand dollars and liability over one million. Amended Summary of Schedules at 116, *In re: Shoemaker*, No. 2:10-bk-30910-TD (Bankr. C.D. Cal. Jan. 5, 2011), ECF No. 39. On September 21, 2011, having found all estate properties exempt from distribution by law, Siegel filed a report of no distribution. But on June 20, 2012, Shoemaker filed another amended summary of schedules, claiming, among others, over ten-million dollars of asset in contingent and unliquidated claims. These claims consist of legal claims against third parties. As a result, Siegel withdrew the report of no distribution and motioned the bankruptcy court to appoint Lewis as special litigation counsel to prosecute these third-party claims. To support Lewis' appointment, Shoemaker declared that, because Shoemaker had consulted him on the claims, Lewis was familiar with them. Application to Employ Bret D. Lewis & Associates as Special Litigation Counsel, Shoemaker decl. ¶ 3, *In re: Shoemaker*, 2:10-bk-30910-TD, (Bankr. C.D. Cal. Nov. 26, 2013), ECF No. 71. In January 2014, the bankruptcy court appointed Lewis the special litigation counsel. Then on December 1 and 2, 2014, Siegel, represented by Lewis, filed adversary actions against the third parties. But Siegel

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:17-CV-02033-RGK | Date | August 25, 2017 |
|---|---|---|---|
| | 1:17-bk-015182- GM | | |
| Title | *Shoemaker v. Siegel* | | |

recovered little from the third-party claims and eventually dismissed them. (*See* Adversary Proceeding Compl. ("AP Compl.") ¶ 16, 1 Appellant's App. at 17, ECF No. 9.)

Unhappy with the meager recovery, on July 28, 2016, Shoemaker filed in Los Angeles Superior Court a tort action against Defendants. In early October, 2016, LNBYB and Friedman removed it to the bankruptcy court, thereby converting it to an adversary proceeding.

Shoemaker's initial adversary-proceeding Complaint accuses Defendants for failing to prosecute his third-party claims and to recover funds for the estate. Defendants' failure allegedly led to over forty-million dollars in damages. Specifically, although Siegel, LNBYB, and Friedman knew about Shoemaker's substantial third-party claims, they brought on an incompetent special counsel Lewis to prosecute the claims. Lewis then conspired with the other Defendants and sabotaged Shoemaker's claims by failing to properly prosecute them.

By October 19, 2016, LNBYB and Friedman, Lewis (collectively "Counsel"), and Siegel each motioned the court to dismiss the Complaint. With a hearing set for November 15, 2016, Shoemaker had until November 1, 2016 to file an opposition. But he did not file any opposition. On November 9, the bankruptcy court continued the hearing to December 6, 2016 and required Shoemaker to file an opposition by November 18, if he opposed the Motions to Dismiss. But on November 14, instead of filing an opposition, Shoemaker filed a First Amended Complaint ("FAC") without leave of court.

After the hearing on December 6, 2016, the bankruptcy court issued an amended order, dismissing all claims but giving Shoemaker leave to amend a breach-of-fiduciary-duty claim against Siegel only. Shoemaker timely filed a Second Amended Complaint ("SAC").

Despite the bankruptcy court's narrow leave, the SAC contains two claims: gross negligence and fraud. The crux of the SAC is still that Shoemaker suffered more than forty-million dollars in damages due to Siegel's failure to properly prosecute Shoemaker's third-party claims to recover funds for the estate. Attaching numerous exhibits that supposedly support the allegations, Shoemaker accuses Siegel of intentionally ignoring the third-party-claim information Shoemaker provided and failing to pursue the claims, thereby failing to perform his duty as the trustee of the estate to monetize the claims.

After the parties briefed the bankruptcy court and a hearing on February 7, 2017, the court dismissed the remaining action against Siegel. Shoemaker then appealed the dismissal to this Court.

### III. JUDICIAL STANDARD

Under Federal Rule of Civil Procedure ("Rule") 12(b)(6), "[a] complaint may be dismissed . . . only when it fails to state a cognizable legal theory or fails to allege sufficient factual support for its legal theories." *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016). To survive a Rule-12(b)(6) motion, a complaint must contain "sufficient factual matter, accepted as true, to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:17-CV-02033-RGK | Date | August 25, 2017 |
|---|---|---|---|
| | 1:17-bk-015182- GM | | |
| Title | ***Shoemaker v. Siegel*** | | |

'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible if the plaintiff alleges enough facts to permit a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* A plaintiff need not provide "detailed factual allegations" but must provide more than mere legal conclusions. *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

When ruling on a Rule-12(b)(6) motion, the court must "accept all factual allegations in the complaint as true." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The court must also "construe the pleadings in the light most favorable to the nonmoving party." *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1159 (9th Cir. 2012). The court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. The court must consider the complaint, materials incorporated into the complaint by reference, and matters of judicial notice. *Tellabs*, 551 U.S. at 322.

Courts review de novo a bankruptcy court's dismissal of an adversary proceeding under Rule 12(b)(6). *In re EPD Inv. Co., LLC*, 523 B.R. 680, 684 (B.A.P. 9th Cir. 2015). A dismissal without leave to amend is reviewed for abuse of discretion. *In re Tracht Gut, LLC*, 836 F.3d 1146, 1150 (9th Cir. 2016). Where amendment would be futile, denying leave to amend is not an abuse of discretion. *Id.* at 1155.

## IV.  DISCUSSION

Undergirding all of Shoemaker's claims against Defendants is his alleged, substantial third-party claims, whose values would render his estate a surplus estate and entitle him to assets that remain after paying off all creditors. *See Wisdom v. Gugino*, 649 F. App'x 583, 584 (9th Cir. 2016). If these allegations are true, Siegel as the trustee owes Shoemaker a fiduciary duty. *Id.* Shoemaker's initial Complaint and SAC, however, assert different claims against each Defendant.[1] The Court examines them in turn.

### A.  The Initial Complaint

#### 1.  *Procedural Default*

Because the bankruptcy court continued the hearing on the Motions to Dismiss the initial adversary-proceeding Complaint, Shoemaker had two opportunities — before November 1 and before November 18, 2016 — to file an opposition to the Motions. He, however, twice failed to file any opposition. Under the local rule, his failure may be deemed consent to granting the Motions. Bankr.

---

[1] The FAC is not an issue on appeal. *See* Appellant's Brief 18, ECF No. 8 (referencing only the initial Complaint and SAC).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-CV-02033-RGK<br>1:17-bk-015182- GM | Date | August 25, 2017 |
|---|---|---|---|
| Title | ***Shoemaker v. Siegel*** | | |

C.D. Cal. R. 9013-1(h). The FAC does not cure this deficiency because it was improperly filed — Shoemaker filed it without leave of court more than 21 days after the service of the initial Complaint and the last filed Motion to Dismiss. Fed. R. Civ. P. 15(a)(1).

Despite this procedural default, the bankruptcy court chose to address the initial Complaint on the merits. The Court will do the same.

    2.    *Fraud and Negligent Misrepresentation*

The elements of fraud and of negligent misrepresentation both begin with a misrepresentation. *Conroy v. Regents of Univ. of Cal.*, 45 Cal. 4th 1244, 1255 (2009). Thus, both claims may be subject to California's litigation privilege. *Action Apartment Ass'n, Inc. v. City of Santa Monica*, 41 Cal. 4th 1232, 1242 (2007). The privilege "applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the [action]; and (4) that has some connection or logical relation to the action." *Id.* at 1241 (alteration omitted). The privilege applies to fraud and negligent misrepresentation. *Rubenstein v. Rubenstein*, 81 Cal. App. 4th 1131, 1147 (2000).

Here, Shoemaker's initial Complaint alleges that, to get Lewis appointed as a special counsel, Siegel, LNBYB, and Friedman made certain material representations to the bankruptcy court. (AP Compl. ¶¶11, 20, 1 Appellant's App. at APP 015–018.) The representations relate to how hiring Lewis as special counsel to evaluate and prosecute Shoemaker's potential third-party claims could benefit the estate. (*Id.*) These representations are precisely the kind that the litigation privilege protects. The representations were made in a judicial proceeding, namely, before the bankruptcy court. They were made by a court-appointed trustee and his counsel, who made the representation to obtain appointment of special counsel to assist Siegel with evaluating and prosecuting claims to benefit the estate. The representations have a close relation to the bankruptcy action, namely, to increase the estate. Thus, litigation privilege applies to shield Siegel, LNBYB, and Friedman from claims of fraud and negligent misrepresentation. The bankruptcy court did not err in dismissing these claims.

Further, the bankruptcy court did not abuse its discretion in its refusal to grant leave to amend with respect to LNBYB and Friedman. The court gave Shoemaker an opportunity to provide specific examples of nonprivileged communication during the hearing on December 6, 2016. Shoemaker provided none. (*See generally* Tr. Proceedings 8:25–14:9, 21:2–24:6, LNBYB App. 33–39, 46–49, ECF No. 13.) Thus the bankruptcy court did not abuse its discretion in concluding that any amendments with respect to LNBYB and Friedman would be futile.

Finally, the bankruptcy court did not abuse its discretion in refusing to grant leave to amend with respect to Siegel. Although the court granted leave to amend the fraud claim in its tentative ruling, it did not abuse its discretion when it reversed that ruling after Shoemaker failed to proffer specific, relevant factual allegations at the hearing. (*See id.* 24:2–25:25, LNBYB App. 49–50.) Although Shoemaker

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:17-CV-02033-RGK<br>1:17-bk-015182- GM | Date | August 25, 2017 |
|---|---|---|---|
| Title | *Shoemaker v. Siegel* | | |

identified Siegel's communications (*Id.* 10:3–14, 22:18–24:6, LNBYB App. 35, 47–49), these apparently would fall within Siegel's quasi-judicial immunity for discretionary actions. *See Balser v. Dep't of Justice, Office of U.S. Tr.*, 327 F.3d 903, 909–10 (9th Cir. 2003) (finding that quasi-judicial immunity covers private bankruptcy trustees' discretionary acts). Moreover, Shoemaker apparently incorporated Siegel's alleged fraud and misrepresentations in the SAC. (*See, e.g.*, SAC ¶¶ 10, 11, 16, 17, 20, 21, 23, 2 Appellant's App. at APP 188–92, ECF No. 10.) The Court finds these allegations to be privileged (e.g., communication during 341(a) hearings) or protected under quasi-judicial immunity (e.g., email communications regarding the bankruptcy proceeding). Further, in light of the attached exhibits, the Court finds the factual allegations in the SAC to be conclusory statements, insufficient to state plausible claims of fraud and negligent misrepresentation. For these reasons, the bankruptcy court did not abuse its discretion in concluding that any amendments with respect to Siegel would be futile.

   3. <u>*Breach of Fiduciary Duty*</u>

    a. *Against Counsel*

To establish a claim of breach of fiduciary duty, a plaintiff must first show that such a duty exists. *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 820 (2011).

Here, Shoemaker's breach-of-fiduciary-duty claim against Counsel fails because they do not owe Shoemaker a fiduciary duty. They are Siegel's attorney in his trustee capacity and represent only him. *Wells Fargo Bank v. Superior Court*, 22 Cal. 4th 201, 208 (2000); *In re Cont'l Coin Corp.*, 380 B.R. 1, 16 (Bankr. C.D. Cal. 2007). Amendment to the Complaint would be futile since it cannot create such a duty.

Thus, the bankruptcy court did not err in dismissing the breach-of-fiduciary-duty claim against Counsel with prejudice.

    b. *Against Siegel*

A private bankruptcy trustee enjoys quasi-judicial immunity for actions involving discretionary judgment. *Balser*, 327 F.3d at 909. This immunity covers claims implicating ordinary negligence. *In re Cont'l Coin Corp.*, 380 B.R. at 11–12. It does not, however, extends to claims involving gross negligence or willful misconduct. *Id.* at 12–15. California courts define gross negligence "as either a want of even scant care or an extreme departure from the ordinary standard of conduct." *City of Santa Barbara v. Superior Court*, 41 Cal. 4th 747, 754 (2007) (internal quotation marks omitted).

Here, Shoemaker's breach-of-fiduciary-duty claim against Siegel simply incorporates the factual allegations in the fraud and negligent-misrepresentation claims. (AP Compl. ¶¶ 27–28, 1 Appellant's App. at 19–20.) There are no suggestions of "a want of even scant care or an extreme departure from the ordinary standard of conduct." *City of Santa Barbara*, 41 Cal. 4th at 754 (internal quotation marks

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:17-CV-02033-RGK<br>1:17-bk-015182- GM | Date | August 25, 2017 |
| Title | ***Shoemaker v. Siegel*** | | |

omitted). Further, in view of Shoemaker's own declaration supporting Lewis' appointment, the claim also fails to allege intentional misconduct. Thus, this claim merely implicates ordinary negligence and fails due to Siegel's quasi-judicial immunity.

Thus, the bankruptcy court did not err in dismissing the breach-of-fiduciary-duty claim against Siegel, nor abused its discretion in granting leave to amend for allegations involving gross negligence or intentional misconduct.

4. <u>*Negligence*</u>

   a. *Against LNBYB and Friedman*

A claim of negligence starts with a legal duty of care. *Kesner v. Superior Court*, 1 Cal. 5th 1132, 1158 (2016).

Here, Shoemaker asserted a negligence claim against Friedman and LNBYB. They, however, as Siegel's counsel, "do[] not owe a statutory or fiduciary duty" to Shoemaker as a potential creditor of the estate. *In re Cont'l Coin Corp.*, 380 B.R. at 16; *see also Kracht v. Perrin, Gartland & Doyle*, 219 Cal. App. 3d 1019, 1023 (Ct. App. 1990) (attorney owes duty of care to only the client). Amendment to the Complaint would be futile since it cannot create such a duty.

Thus, the bankruptcy court did not err in dismissing the negligence claim against LNBYB and Friedman with prejudice.

   b. *Against Siegel*

As discussed above, quasi-judicial immunity protects a private bankruptcy trustee against claims of ordinary negligence. *See supra* Part IV.A.2. Thus, a negligence claim against Siegel must fail and amendment would be futile. The bankruptcy court did not err in dismissing it with prejudice.

**B.**   **The Second Amended Complaint**

1. <u>*Fraud*</u>

In the amended order dismissing Shoemaker's initial Complaint, the bankruptcy court dismissed the fraud claim against Siegel with prejudice. This is a dismissal on the merits and bars Shoemaker from refiling the same claim. *See* F. R. Civ. P. 41(b); *Semteklnt'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505–06 (2001). Thus, the bankruptcy court did not err in dismissing this claim again.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-CV-02033-RGK | Date | August 25, 2017 |
|---|---|---|---|
| | 1:17-bk-015182- GM | | |
| Title | ***Shoemaker v. Siegel*** | | |

2.  *Breach of Fiduciary Duty*

Liberally construing the SAC to Shoemaker's benefit, the bankruptcy court interpreted the gross-negligence claim as a breach-of-fiduciary-duty claim involving gross negligence, which was the only claim the court had given Shoemaker leave to amend. The Court analyzes this claim accordingly.

The elements of breach of fiduciary duty are (1) the existence of a fiduciary relationship, (2) its breach, and (3) damages. *Oasis W. Realty*, 51 Cal. 4th at 820.

Here, because of Siegel's quasi-judicial immunity, a claim of breach of fiduciary duty must involve gross negligence or intentional misconduct. *In re Cont'l Coin Corp.*, 380 B.R. at 11–15. Based on the attached exhibits and in the light most favorable to Shoemaker, the Court finds the factual allegations in the SAC to be insufficient to permit a reasonable inference that Siegel is liable for such gross negligence or intentional misconduct. *See Iqbal*, 556 U.S. at 678. Though the bankruptcy court dismissed the claim based on litigation privilege and statute of limitations, its conclusion agrees with that of this Court.

Finally, because Shoemaker failed to state a claim against Siegel in multiple opportunities between the initial Complaint, FAC,[2] SAC, and two hearings, the bankruptcy court did not abuse its discretion in dismissing this claim with prejudice.

## V.  **EVIDENTIARY OBJECTIONS**

To the extent the parties object to any evidence that the Court relies on in this Order, those objections are overruled.

## VI.  **CONCLUSION**

Accordingly, the Court **AFFIRMS** the bankruptcy court's dismissal.

**IT IS SO ORDERED.**

:

Initials of Preparer

---

[2] The bankruptcy court reviewed the FAC in its first ruling and found it insufficient. (Tentative Ruling Re: Defs.' Mot. Dismiss Compl. 8, 1 Appellant's App. at 171, ECF No. 9.)